# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JORDAN ALBRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CLAYTON AND MYRICK, PLLC, INTERNAL CREDIT SYSTEMS, INC., and ROBERT J. NAUSEEF<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff JORDAN ALBRIGHT (hereinafter, "Plaintiff"), a Missouri resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendants CLAYTON AND MYRICK, PLLC, INTERNAL CREDIT SYSTEMS, INC., and ROBERT J. NAUSEEF, (hereinafter "Defendants") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Missouri consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Missouri and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Internal Credit Systems, Inc. ("ICS") is a collection agency with its principal office located at 3622 Lyckan Parkway, Durham, North Carolina 27707.

8. Upon information and belief, ICS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. ICS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. CLAYTON AND MYRICK, PLLC, ("Clayton") is a debt collection law firm located at 121 East Parish Street, Durham, North Carolina 27701.

11. Upon information and belief, Clayton is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Clayton is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Robert J. Nauseef, Esq. ("Nauseef") is a collection attorney employed by Clayton and is a resident of Durham, North Carolina.

14. Nauseef is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to November 29, 2018, an obligation was allegedly incurred to COMPLETE FITNESS.

17. The COMPLETE FITNESS obligation arose out of a gym membership transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged COMPLETE FITNESS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. COMPLETE FITNESS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Some time prior to November 29, 2018, the COMPLETE FITNESS debt was assigned to or purchased by ICS.

21. Sometime at the end of 2018, ICS began a collection campaign which included calling the Plaintiff.

22. On or about January 29, 2019, Clayton and Nauseef caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged COMPLETE FITNESS/ICS debt. *See* **Exhibit A.**

23. The Letter was signed by Nauseef, thereby giving the impression that Nauseef reviewed the Plaintiff's file and made a considered determination that the debt was owed by the Plaintiff.

24. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt

3

collector" as defined by 15 U.S.C. §1692a(6).

25. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The Letter stated in part:

> "our record reveals that you have:
>
> 1. Failed to respond to previous attempts to settle this account.
>
> 2. Disregarded possibly civil action against you . . ."

27. At the time the letter was sent, no civil action filed against the Plaintiff.

28. A debt collection letter is deceptive when "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr,* 464 F.3d 450 (3rd Cir. 2006)

29. Plaintiff read the above statement and believed that a lawsuit may have been filed against her.

30. By stating that Plaintiff disregarded possible civil action against her, Defendant falsely represented the legal status of the debt and made a false representation or deceptive means to collect a debt.

31. Said Letter further states:

> "**then I may be instructed to take further action accordingly and forward this account to counsel in your local area.** In accordance with local law, you may then become liable for the costs of court and interest in addition to the outstanding balance."

32. There is no local law that would make Plaintiff liable for court costs and interest if her account was forwarded to local counsel.

33. By stating that additional fees would be accruing if Defendant sent this account to counsel

in her local area, made a false representation or deceptive means to collect a debt, and/or threatened to take action that cannot legally be taken.

34. Although the Letter threatens legal action, at the time the letter was sent Defendants had no intention of taking any legal action, as can be shown by the lack of any filings in the state court at the time the letter was sent.

35. In fact, no attorney at Clayton is licensed to practice in Missouri.

36. The FDCPA prohibits a broad range of false, misleading or overreaching tactics in connection with the collection of a debt.

37. It is a violation of the FDCPA for an attorney to send a debt collection letter without having first meaningfully reviewed the collection file. *See e.g., Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283, 286-87 (D.N.J. 2014), citing *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1001–1003 (3d Cir.2011), cert. denied, 132 S.Ct. 1143, 181 L.Ed.2d 1030 (2012).

38. The reason for requiring meaningful involvement by attorneys before they may issue collection letters to consumers is simple: "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Feuerstack v. Weiner*, No. CIV. 12-04253 SRC, 2014 WL 3619675, at *4 (D.N.J. July 22, 2014). A debt collection letter on an attorney's letterhead conveys authority and credibility. *See, Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir.1989).

39. Upon information and belief, no attorney reviewed the Plaintiff's account before the Collection Letter was mailed out to the Plaintiff.

40. Upon information and belief, no attorney reviewed the Plaintiff's account and made a

reasoned, professional judgment that the amount sought on the Collection Letter was owed by the Plaintiff or that the Plaintiff was actually delinquent on this alleged debt.

41. There is a risk of real harm associated with the Defendant's deceptive and misleading collection practices. "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

42. The entire reason a collection campaign escalates from a collection agency to a law firm such as the Defendant is in order to "strike fear in the heart of the consumer" since an attorney is "better positioned to get the debtor's knees knocking." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

43. As made clear by the Third Circuit, a Collection Letter on attorney letterhead is more likely to engender a payment or response from a consumer, because of the additional weight conveyed by such a Letter.

44. The collection letters mailed to the Plaintiff created the false and misleading impression that the communications were from an attorney when, in fact, they were not really "from" an attorney in any meaningful sense of the word.

45. Defendant's violations of the FDCPA thus bore the risk of real harm that the Plaintiff would be far more fearful of the Defendant's 'attorney' letter than she would from a typical collection agency dunning letter, and that the Plaintiff would therefore take steps to address this steps that she would not have otherwise taken.

46. Because Clayton had no legal right to practice law in the State of Missouri, their letter further created a false threat to take action that cannot legally be taken.

47. Shortly therafter, Plaintiff's mother called Clayton and notified them that her daughter was

a minor at the time the alleged debt was incurred and that her daughter was not responsible.

48. In response, Defendant Clayton advised her that legal action was imminent and advised her to pay or hire counsel.

49. Upon information and belief, although an attorney signed the Letter, Clayton had no intention of working or being otherwise involved on this debt collection file aside from lending its legal letterhead to the defendant ICS.

## CLASS ALLEGATIONS

50. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

51. Class consists of (a) all individuals with addresses in the State of Missouri (b) to whom Clayton (c) sent a collection letter (d) in an attempt to collect an alleged debt on behalf of Internal Credit Systems (e) with language similar to that of Exhibit A (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

52. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

53. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

54. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e.

55. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

56. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

57. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)   **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    (b)   **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e.

    (c)   **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)   **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class

members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**CLAYTON AND NAUSEEF'S VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT
15 U.S.C. §1692e *et seq.*
(INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED
against Clayton and Nauseef)**

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

61. Clayton and Nauseef's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C.

§ 1692e.

62. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation
> or means in connection with the collection of any debt. Without limiting the
> application of the foregoing, the following is conduct is a violation: . . .**

63. Clayton and Nauseef violated said section by:

- Falsely representing the legal status of the debt by stating that Plaintiff

  "Disregarded possible civil action" in violation of §1692e(2);

- Falsely representing the amount of the debt by stating that Plaintiff "may then

  become liable for the costs of court and interest" in violation of §1692e(2);

- Threatening to take action that they had no legal right or intention of taking in

  violation of §1692e(5);

- The use of false representation or deceptive means to collect or attempt to collect

  any debt or to obtain information concerning a debt in violation of §1692e(10).

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  July 03, 2019

*/s/ Yaakov Saks*
*Yaakov Saks, Esq.*
Fed Bar No. 21132010N
285 Passaic Street
Hackensack, NJ 07601
Email: ysaks@steinsakslegal.com
*Counsel for Plaintiff Jordan Albright*

**PRO HAC VICE APPLICATION TO BE FILED**
*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  July 03, 2019                              */s/ Yaakov Saks*
                                                            Yaakov Saks, Esq.


## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Yaakov Saks, the undersigned attorney of record for Plaintiff, do hereby certify to my

own knowledge and based upon information available to me at my office, the matter in controversy

is not the subject of any other action now pending in any court or in any arbitration or

administrative proceeding.

Dated: July 03, 2019                              */s/ Yaakov Saks*
                                                            Yaakov Saks, Esq.