# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN ALBRIGHT, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01887 SRC |
| | ) | |
| CLAYTON & MYRICK, PLLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Robert J. Nauseef's Motion to Quash Service, Vacate Entry of Default, Dismiss Claims, and Sanction Plaintiff's Counsel [16], Defendant Internal Credit System, Inc.'s Motion to Quash [23] and Motion for Sanctions [28], and Plaintiff's Cross-Motions for Extension of Time [24], [26].

## I.     BACKGROUND

On July 3, 2019, Plaintiff Jordan Albright filed a complaint in this Court alleging Defendants Clayton & Myrick, PLLC, Internal Credit Systems, Inc., and Robert J. Nauseef violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. when Defendants sent a collection letter to Albright in an attempt to collect an alleged debt from a gym membership. Clayton & Myrick filed an answer on August 5, 2019. On November 4, 2019, the Court ordered Albright to show cause, no later than November 14, 2019, why the claims against Internal Credit Systems and Nauseef should not be dismissed for failure to effectuate timely service. On November 5, 2019, Albright filed an executed summons for Nauseef and on November 26, 2019, he filed an executed summons for Internal Credit Systems. Plaintiff attempted to effect service in North Carolina because Internal Credit Systems' principal office is located in North Carolina

1

and Nauseef is a resident of North Carolina. A clerk's entry of default was entered on November 22, 2019, against Nauseef. Internal Credit Systems and Nauseef now ask the Court to quash service of process, vacate the clerk's entry of default, dismiss the claims, and impose sanctions on Albright's counsel.

## II. DISCUSSION

### A. Service on Robert J. Nauseef

Albright attempted to serve Nauseef by leaving the summons and complaint with Jerry Clayton, Nauseef's law partner. Federal Rule of Civil Procedure 4(e) states:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In Missouri, an individual may be served as follows:

> Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

2

Mo. S. Ct. R. 54.13(b)(1).[1] Similarly, in North Carolina, service of process must be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By delivering a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j).

Serving a copy of the summons and complaint on Nauseef's law partner does not satisfy FRCP 4(e), Missouri law, or North Carolina law for service of process. Therefore, the Court quashes the service of process on Nauseef. The Court grants Albright 30 days from the date of this order to reattempt and complete service of process on Nauseef.

### B. Service on Internal Credit Systems, Inc.

Albright first attempted to serve Internal Credit Systems at its registered office address in North Carolina. After two unsuccessful attempts at this address and another address, Albright attempted to serve Internal Credit Systems through the North Carolina Secretary of State's office. On November 27, 2019, the North Carolina Secretary of State issued a letter rejecting

---

[1] Missouri Supreme Court Rule 54.14 states personal service outside the state shall be made as provided in Rule 54.13(b).

Albright's attempt to serve process on Internal Credit Systems because Albright had not attached an affidavit stating he had made an unsuccessful attempt to serve Internal Credit Systems before turning to service through the Secretary of State's office. Albright sought service through the Secretary of State's office again and submitted an affidavit from the process server stating he attempted service at 303 Cedar Ridge Way, Durham, North Carolina 27705, and 3622 Lyckan Parkway, Durham, North Carolina 27707, without success.

> Federal Rule of Civil Procedure 4(h) states:
>
> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served:
>
> (1) in a judicial district of the United States:
>
>> (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

North Carolina provides for service of process on entities as follows:

> (a) Service of process, notice or demand required or permitted by law to be served on an entity may be served on the registered agent required by G.S. 55D-30.
>
> (b) When an entity required to maintain a registered office and registered agent under G.S. 55D-30 fails to appoint or maintain a registered agent in this State, or when its registered agent cannot with due diligence be found at the registered office, or when the Secretary of State revokes a certificate of authority or a statement of foreign registration of a foreign entity authorized to transact business or conduct affairs in this State, the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served. Service on the Secretary of State of any such process, notice or demand is made by delivering to and leaving with the Secretary of State or any clerk authorized by the Secretary of State to accept service of process, duplicate copies of the process, notice or demand and the applicable fee. In the event any such process, notice or demand is served on the Secretary of State in the manner provided by this subsection, the Secretary of State shall immediately mail one of the copies thereof, by registered or certified mail, return receipt requested, to the entity at its principal office or, if there is no mailing

address for the principal office on file, to the entity at its registered office. Service
on an entity under this subsection is effective for all purposes from and after the
date of the service on the Secretary of State.

N.C. Gen. Stat. § 55D-33.

Internal Credit Systems argues Albright has not shown he has complied with the requirements of the North Carolina statue because he did not submit any evidence he provided the Secretary of State duplicate copies of the process, notice or demand, and the applicable fee. Internal Credit Systems also argues the affidavit attesting to unsuccessful attempts is insufficient because Jonathan Turner signed it but it includes details of a service attempt by another process server, Shelton Nicholson. Thus, Internal Credit Systems asserts it contains hearsay and cannot be relied on. Internal Credit Systems reads too deeply into the requirements of the Secretary of State for service of process. The statute does not explicitly state what is required and the letter from the Secretary of State to Albright's counsel simply states: "If you have made an attempt to serve the registered agent, please provide evidence of the unsuccessful attempt so you may serve the business corporation through the NC Secretary of State, but only under provisions listed in N.C.G.S. 55D-33(b)." The affidavit from Jonathan Turner is evidence of the unsuccessful attempts. Nothing in the statute, or elsewhere, requires the evidence to abide by the rules of evidence for a court of law.

However, nothing that Albright has submitted to the Court confirms that he followed the other requirements of North Carolina law including that he provided duplicate copies of the process, notice or demand, and the applicable fee. If Albright did comply with the statute, he must file with the Court an affidavit from the process server stating so within ten days of this order. If he cannot do so, because he did not comply with the statute, then he must reattempt and complete service of process on Internal Credit Systems within 30 days of the date this order.

    **C.    Remaining Requests**

In their motions, Defendants also request the Court impose sanctions against Albright's counsel, vacate the clerk's entry of default, and dismiss the case. The Court denies the requests for sanctions and dismissal of claims at this time. The Court reminds counsel it expects all counsel to abide by the Rules of Professional Conduct at all times. The Court vacates the clerk's entry of default because it has quashed service of process on Nauseef.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert J. Nauseef's Motion to Quash Service, Vacate Entry of Default, Dismiss Claims, and Sanction Plaintiff's Counsel [16] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Internal Credit System, Inc.'s Motion to Quash [23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motions for Extension of Time [24], [26] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Internal Credit System Inc.'s Motion for Sanctions [28] is **DENIED**.

So Ordered this 24th day of January, 2020.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**