UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JORDAN ALBRIGHT, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-01887 SRC |
| | ) |
| CLAYTON & MYRICK, PLLC, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Internal Credit Systems, Inc's Motion to Dismiss [45], Defendant Robert J. Nauseef's Motion to Dismiss [42], and Plaintiff Jordan Albright's Cross-Motion for Extension of Time [48].  The Court grants Nauseef's Motion, denies Albright's Cross-Motion, and denies Internal Credit Systems's Motion,.

## I.     BACKGROUND

In this case, Albright alleges Defendants sent him collection letters in an attempt to collect a debt from a gym membership and these collection attempts violated the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq*.  On July 3, 2019, Albright filed his original complaint in this action.  Albright claimed to have served Nauseef on July 10, 2019, and after the time period for filing a responsive pleading had passed, the Clerk of the Court entered default as to Nauseef.  Subsequent to entry of default, Nauseef moved to quash service of process and vacate the entry of default, which the Court granted finding Albright had not properly served Nauseef.  The Court granted Albright an additional 30 days to reattempt and complete service. Nauseef now moves for the Court to dismiss the case against him because he argues Albright still has not properly served him.  ICS separately moves for dismissal arguing the statute of

1

limitations bars the claims against it because Albright did not assert any claims against ICS until he filed his Amended Complaint more than a year after the alleged violation occurred.

## II.	DISCUSSION

### A.	Nauseef's Motion to Dismiss

Albright has attempted to serve Nauseef several times with no success.  Now, he argues he properly served Nauseef through FedEx or certified mail in accordance with North Carolina's statute on service.  As the Court explained in its order on Nauseef's Motion to Quash, Federal Rule of Civil Procedure 4(e) allows a plaintiff to follow state law for serving a summons in the state where the district court is located or where service is made.  North Carolina allows for service through a designated delivery service, such as FedEx, or through the U.S. Postal Service if the plaintiff fulfills certain requirements.  N.C. Gen. Stat. § 1A-1, Rule 4(j).

To properly serve a defendant through FedEx, Albright must have sent "a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt."  N.C. Gen. Stat. § 1A-1, Rule 4(j)(d).  The delivery receipt supplied by Albright shows a "C. Chacon" signed for the delivery and the signature box shows "JMC."  Doc. 49-2.  It appears Nauseef did not sign for the FedEx delivery and thus, FedEx did not "deliver[] to the addressee."  Albright has not established he served Nauseef through FedEx.

To properly serve a defendant through USPS, Albright must have mailed a copy of the summons and complaint "by signature confirmation as provided by the [USPS], addressed to the party to be served and delivering to the addressee."  N.C. Gen. Stat. § 1A-1, Rule 4j(e). According to Albright's counsel, Nauseef, or someone else, rejected the certified mailing.  Doc. 49-1.  Thus, Albright also has not established he served Nauseef because nothing shows USPS delivered the certified mail to Nauseef.

Upon the Court's finding improper service, Albright alternatively asks the Court to again extend the time for service and to allow Albright to serve Nauseef through alternative means. Rule 4(e) provides the ways a plaintiff can serve a defendant in a federal lawsuit; nowhere does it state the Court may allow a plaintiff to serve a defendant by means other than by the means it provides. Albright provides the Court with no authority to allow service by alternative means.

The Court also will not extend the time for service. Albright filed this case at the beginning of July, 2019. The Court has already granted Albright additional time to serve with no success. The Court does not find good cause exists to continue extending the time allowed for service. Fed. R. Civ. P. 4(m). The Court grants Nauseef's Motion and dismisses this case against him without prejudice.

### B.     ICS's Motion to Dismiss

ICS argues the statute of limitations bars the claim against it because Albright did not assert a claim against it until the filing of his Amended Complaint on March 6, 2020, more than one year after the alleged violation occurred. In Albright's original complaint, he named ICS as a defendant but did not assert any claims against ICS. Doc. 1. His complaint included only one count and it was against Clayton & Myrick and Nauseef. *Id.* After ICS filed its first motion to dismiss, Albright filed an amended complaint that asserted only one count again, this time against all the defendants including ICS. Doc. 44. Albright argues his Amended Complaint relates back to his original complaint, making his claim against ICS timely.

Federal Rule of Civil Procedure 15(c)(1) allows for an amendment to a pleading to relate back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

3

>(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by an amendment:
>
>>(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"The rule mandates relation back once the rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

The Amended Complaint meets Rule 15's requirements. The claim asserted in the Amended Complaint arose out of the conduct, transaction, or occurrence set out in the original pleading. The original complaint asserted an FDCPA claim about a collection letter sent on January 29, 2019. Doc. 1. The Amended Complaint asserts the same claim about the same collection letter but now includes ICS as a defendant on Count I. Doc. 44. Albright also added new factual allegations against ICS but the new allegations all concern the conduct, transaction, or occurrence set out in the original pleading – the sending of the collection letter. *See e.g.*, Doc. 44, ¶ 25 ("After ICS was unsuccessful in collecting the COMPLETE FITNESS debt from the Plaintiff, ICS hired or retained the Clayton firm to collect this debt from the Plaintiff.").

ICS also had notice of the action in that Albright named ICS as a defendant in the original complaint and served ICS with the original complaint. Albright included factual allegations about ICS but mistakenly did not assert Count I, the only count, against ICS. Thus, relation back will not prejudice ICS in defending the merits of this case.

ICS argues that the statute of limitations for the FDCPA is jurisdictional and that because the Court does not have jurisdiction, it cannot apply Rule 15. A defendant made this same

4

argument in *Thompson v. National Credit Adjusters, LLC*, No. 10-2307 SRN/FLN, 2011 WL 6003955 at *3 (D. Minn. Nov. 30, 2011).  In that case, the court held it could apply Rule 15 even where a statute of limitations is deemed a jurisdictional bar and cited to courts that have done so. *Thompson*, 2011 WL 6003955 at *3 (citing *Watkins v. Lujan*, 922 F.2d 261, 263 (5th Cir. 1991), *Wadsworth v. U.S. Postal Serv.*, 511 F.2d 64, 66 (7th Cir. 1975)).  The Court agrees with the *Thompson* court.

While equitable tolling "improperly extend[s] jurisdiction" by lengthening the limitations period, relation-back treats an amendment "as if it were filed on the 'date of the original pleading.'"  *Id*. (quoting Fed. R. Civ. P. 15(c)(1)).  Therefore, "the jurisdictional requirement was satisfied by the timely filing of suit . . . and is not disturbed by an amendment correcting parties." *Wadsworth*, 511 F.2d at 66.  Because Albright's Amended Complaint relates back to his original complaint, the FDCPA's statute of limitations does not bar his claim against ICS.  The Court denies ICS's Motion to Dismiss.

5

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Internal Credit Systems, Inc's Motion to Dismiss [36] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Defendant Internal Credit Systems, Inc's Motion to Dismiss [45] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Robert J. Nauseef's Motion to Dismiss [42] is **GRANTED**.  The Court dismiss Defendant Robert Nauseef from this matter.

**IT IS FURTHER ORDERED** that Plaintiff Jordan Albright's Cross-Motion for Extension of Time [48] is **DENIED**.

So Ordered this 18th day of May, 2020.    _SL R. CR_

 

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**